## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Edward (Ted) La Vigne, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit to show that probable cause exists to believe that on or about May 18, 2025, in the Southern District of Ohio, Edgardo VELASQUEZ (A# 205 839 563) violated 8 U.S.C. § 1326(a)(1)(Illegal Reentry of Removed Alien).

2. I am a special agent (SA) with Homeland Security Investigations (HSI), and I have been employed with HSI since June 2010. I am assigned to a Child Exploitation, Cyber Operations, and public safety group at the HSI Columbus, Ohio Office of the Assistant Special Agent in Charge. I am an "immigration officer" as defined in 8 U.S.C. § 1101(a)(18) and am authorized to investigate and make arrests for violations of the Immigration and Nationality Act (INA). *See* 8 U.S.C. § 1357.

3. I am a graduate of the Criminal Investigator Training Program and the Homeland Security Investigations Special Agent Training program. Prior to joining HSI, I spent seven years working as police officer for the United States Capitol Police (USCP), my duties varied from criminal patrol, investigating complaints, felony crimes, conducting counterintelligence and anti-terrorism operations, traffic crash investigations, the protection of U.S. Senators, and Representatives as well as foreign dignitaries, and investigating threats against those individuals.

4. I have had formal, on-the-job training, and experience regarding investigating and enforcing provisions of the INA. The information set forth in this affidavit is based upon my knowledge, training, experience, and participation in investigations involving violations of the INA. This information is also based on the knowledge, training, experience, and investigations conducted by fellow law enforcement officers, which have been reported to me either directly or indirectly. Additionally, this information is based on the review of Alien Files, or "A-Files", which are official government records maintained on every immigrant and some nonimmigrants. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated. I believe this

information to be true and reliable. This affidavit is intended to show merely that there is probable cause for the requested criminal complaint and arrest warrant and does not set forth all my knowledge about this matter. I did not withhold any information or evidence that would negate probable cause.

## **PROBABLE CAUSE**

5. On May 18, 2025, Fredericktown Police Department (FPD) responded to a report of subjects "dumpster diving" in Goodwill charity bins located on private property. FPD arrived and advise the male and female subjects to leave the premises. FPD then advised the male subject not to drive away since he didn't possess a valid driver's license or state identification card, FPD told the subjects to call for someone to pick them up from the location. Prior to clearing the call, FPD observed the male subject enter the driver's side of the vehicle, a red 2009 Ford Escape bearing Virginia license plate TNF-3628 (expired tag). FPD then initiated a traffic stop on the vehicle knowing the driver, later identified as Edgardo VELASQUEZ, did not possess a valid driver's license. FPD arrested Edgardo VELASQUEZ for "No Operators License") Ohio Revised Code (ORC) - 4510.12 (A)(1), and transported to the Knox County jail for further processing.

6. FPD identified VELASQUEZ from his Honduran passport and contacted ICE ERO Columbus and advised them of VELASQUEZ arrest. ICE ERO advised FPD they would place a detainer on VELASQUEZ and pick him up the following morning, on May 19, 2025. ICE ERO placed a detainer on VELASQUEZ at that time.

7. On May 19, 2025, the Immigration and Customs Enforcement (ICE) Law Enforcement Support Center (LESC) contacted ERO Columbus and confirmed the fingerprints of VELASQUEZ were of a previously deported alien with legal name Edgardo VELASQUEZ, with A# 205 839 563. Additionally, the ICE LESC confirmed the FBI number (827137TD5) associated with VELASQUEZ. Furthermore, VELASQUEZ's May 18, 2025, mugshot (left photo) from Knox County Jail matched the photo (right side) record from ICE ERO records of VELASQUEZ apprehensions.

 

**IMMIGRATION AND CRIMINAL HISTORY**

8. Based on my training and experience, I know that a DHS "A-File" is a file in which all immigration records are maintained for aliens admitted or found to be illegally present in the United States. I also know that a DHS A-File usually contains forms, photographs, fingerprints, court records of conviction, and all records relating to deportation or other actions by DHS (or INS) with respect to the subject alien for whom the DHS A-File is maintained. The A-file corresponds with an "A-number", a unique number assigned to foreign nationals as they undergo proceedings through the United States immigration system. VELASQUEZ's A-file is maintained under A-number 205 839 563. I know that in addition to A-files, DHS utilizes numerous databases and indices to store immigration related information that correlates with documents found in the A-file. VELASQUEZ's A-file provided his immigration and criminal history.

9. On February 11, 2013, United States Border Patrol (USBP) encountered VELASQUEZ and processed him as inadmissible pursuant to section 212 (a)(7)(A)(i)(I) of the Immigration and Nationality Act as amended, in that he is an immigrant not in possession of a valid un-expired immigrant visa, reentry permit, border-crossing card, or a valid entry document required by the Immigration and Nationality Act. Therefore, he is subject to removal and was processed for Expedited Removal under the provision of section 235 (b) (1) of the Immigration and Nationality

3

Act. Forms I-860 and I-296 were prepared and served on VELASQUEZ.). VELASQUEZ was sentenced to 10 days confinement.

10. On April 24, 2013, VELASQUEZ was removed from the United States to Honduras from Atlanta, GA.

11. On July 29, 2013, United States Border Patrol (USBP) encountered VELASQUEZ and reinstated his prior order of removal. On August 29, 2013, VELASQUEZ was removed from the United States to Honduras from Phoenix, AZ.

12. On March 16, 2016, USBP encountered VELASQUEZ and reinstated his prior order of removal. On March 24, 2016, the United States District court of Arizona convicted VELASQUEZ for the offense of Illegal Entry, violation of 8 USC 1325 (a)(1). VELASQUEZ was sentenced to 75 days confinement.

13. On September 25, 2018, USBP encounter VELASQUEZ and reinstated his prior order of removal. The United States District court of Arizona convicted VELASQUEZ for the offense of Illegal Entry, violation of 8 USC 1325 (a)(1). VELASQUEZ was sentenced to 180 days confinement.

14. On April 9, 2019, VELASQUEZ was removed from the United States to Honduras from El Paso, TX.

15. VELASQUEZ was apprehended, processed and expelled five (5) additional times under Title 42. On February 27, 2021, USBP encountered VELASQUEZ and processed him under title 42 and expelled him to Mexico. On March 7, 2021, USBP encountered VELASQUEZ and processed him under title 42 and expelled him to Mexico. On October 8, 2021, USBP encountered VELASQUEZ and processed him under title 42 and expelled him to Mexico. On October 27, 2021, USBP encountered VELASQUEZ and processed him under title 42 and expelled him to Mexico. On November 2, 2021, USBP encountered VELASQUEZ and processed him under title 42 and expelled him to Mexico.

16. According to his A-File, VELASQUEZ is a citizen of Honduras and has no legal

status in the United States. VELASQUEZ did not receive permission from the United States Attorney General or the United States Department of Homeland Security Secretary for reentry into the United States.

## CONCLUSION

17. Based on the facts set forth in this affidavit, there is probable cause to on or about May 18, 2025, in the Southern District of Ohio, Edgardo VELASQUEZ violated Title 8, United States Code Section 1326(a) (Reentry of a Previously Removed Alien).

_E.A. LaVigne_
Edward (Ted) La Vigne
Special Agent
Homeland Security Investigations

Subscribed and sworn to me by telephone on this __18th_ day of June, 2025.

_Chelsey M. Vascura_
Chelsey M. Vascura
UNITED STATES MAGISTRATE JUDGE